IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:08CR318 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | PRELIMINARY ORDER |
| ARNETT BONNER, ) | REGARDING FORFEITURE |
| ALONZO WYNNE, ) | |
| DERMAINE DAVIS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 131). Below are the Court's findings of fact and conclusions of law:

1. On October 14, 2008, the Defendant, Arnett Bonner, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to the following counts of the Superseding Indictment: I (drug conspiracy); VI (felon in possession of firearms), VII (forfeiture of firearms related to Count VI); and XVI forfeiture of $28,895 relating to Count I).

2. On December 8, 2008, the Defendant, Alonzo Wynne, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to the following counts of the Superseding Indictment: I (drug conspiracy), IV (forfeiture of $590.00 related to Count I), XI (§ 924(c)(1)(A)) and XIV (forfeiture of $10,000.00 related to Count I). Wynne did not plead guilty to Count II.

3. In his plea agreement, Wynne also agreed to waive any right, title and interest in the firearms described in Counts II and XI of the Superseding Indictment.

4. At the change of plea hearing, in summarizing the main points of the plea agreement the government's attorney did not refer to the waiver of the firearms in question.

5. At the change of plea hearing, in stating the factual basis, the government's attorney did not mention either of the firearms in question.

6. At the change of plea hearing, there was no colloquy regarding the firearms in question or their forfeiture.

7. On January 9, 2009, the Defendant, Dermaine Davis, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to the following counts of the Superseding Indictment: I (drug conspiracy); XV (forfeiture of $17,890.00 related to Count I); and XVI $forfeiture of $28,895.00 related to Count I).

8. Federal Rule of Criminal Procedure 32.2(b)(1) clearly states that the Court may only consider preliminary forfeiture after "a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought." Only then may the Court consider the required nexus between the property in question and the underlying offense. Fed. R. Crim. P. 32.2(b)(1).

9. The Supreme Court has indicated that a simple stipulation to forfeit property in a plea agreement, absent more, is problematic when a court determines the issue of forfeiture. The Court stated that a district court need not "simply accept a defendant's agreement to forfeit property, particularly when that agreement is not accompanied by a stipulation of facts supporting forfeiture, or when the trial judge for other reasons finds the agreement problematic." *Libretti v. United States,* 516 U.S. 29, 43 (1995) (noting that before ordering forfeiture, the sentencing court considered, among other things, a bill of

particulars, a restraining order, a week of trial testimony, a detailed plea agreement including a plea to the underlying criminal offense, and the detailed PSR).

10. The motion for preliminary criminal forfeiture will be denied as to the following: the Defendant, Alonzo Wynne, insofar as the motion addresses the following firearms related to the offense charged in Count II: a Glock model 30 .45 caliber gun, serial number DPD954US; and a Taurus millennium model PT 111 9mm pistol, serial number TVE 89619.

11. Aside from the property described in the preceding ¶ 10, by virtue of their pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

IT IS ORDERED:

1. The government's motion for issuance of preliminary order of criminal forfeiture (Filing No. 131) is denied as to the following: the Defendant, Alonzo Wynne, insofar as the motion addresses the following firearms related to the offense charged in Count II: a Glock model 30 .45 caliber gun, serial number DPD954US; and a Taurus millennium model PT 111 9mm pistol, serial number TVE 89619. The government may seek administrative forfeiture of this property. Otherwise, the government's motion (Filing No. 131) is granted.

2. Based upon Counts I, IV, VI, VII, XI, XIV, XV, and XVI of the Superseding Indictment and the Defendants' pleas of guilty, the United States is hereby authorized to seize: the Sig Sauer semi-automatic pistol, model P229, 9mm caliber, serial number AK-11820; the Colt six-shot revolver, Python, .357 caliber, serial number V35932; the Ruger

semi-automatic pistol model Mark 1, .22 caliber, serial number 13-06838; $590.00; $17,890.00; $10,000.00; and $28,895.00.

3. The Defendants' interest in the properties listed in preceding ¶ (2) properties is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The forfeited properties listed in ¶ (2) are to be held by the United States in its secure custody and control.

5. Under 21 U.S.C. § 853(n)(1), the United States immediately must publish for at least 30 consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the property listed in ¶ 2 in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. The published notice must: state the Petition referred to in preceding ¶ 5; be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the forfeited properties; be signed by the Petitioner under penalty of perjury, and set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

7. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this order as a substitute for published notice as to those persons so notified.

8.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture under 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 27th day of February, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court
